**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| Texoma Peanut Company | ) | Case No. 14-81334 |
| Clint-Co Peanut Company | ) | Case No. 14-81335 |
| Clint Williams Company-Western Division LLC | ) | Case No. 14-81336 |
| Debtors. | ) | Jointly Administered |

**DEBTORS' APPLICATION TO SHORTEN TIME AND**
**FOR EXPEDITED CONSIDERATION OF FIRST DAY MOTIONS**

Texoma Peanut Company, *et al.*, debtors and debtors-in-possession in the above captioned cases (collectively, the "Debtors" or "TPC"), file this Application to Shorten Time and for Expedited Consideration of the First Day Motions. In support of this Motion, the Debtors rely on the Declaration of Alan Ortloff, President of Texoma Peanut Company, *et al.*, in Support of TPC's Chapter 11 Petitions and First Day Motions, sworn to on November 6, 2014 (the "First Day Declaration").[1] Debtors seek to shorten time and request expedited consideration of the following motions, which Debtors anticipate they may file on the Petition Date (as defined below) (the "First Day Motions"):

1. Expedited Motion for Entry of an Order (I) Authorizing the Debtors to File a Consolidated Creditor Matrix and (II) Granting Authority to Establish the Master Service List Applicable to these Cases;

2. Application for Order Pursuant to § 327(a) Authorizing the Employment and Retention of Crowe and Dunlevy as General Bankruptcy and Litigation Counsel for Debtors;

3. Application to Employ Focus Group as Financial Advisor Pursuant to § 327 of the Bankruptcy Code;

[1] Capitalized terms used herein and not otherwise defined have the meaning set forth in the First Day Declaration.

4. Application to Employ Lakeshore Food Advisors as Sale Advisors Pursuant to §§ 327 and 328(a) of the Bankruptcy Code;

5. Application to Employ Dixon Hughes Goodman as Bankruptcy Accountants pursuant to § 327 of the Bankruptcy Code;

6. Application for Order Pursuant to § 327(a) Authorizing the Employment and Retention of Gerald R. Miller as Conflicts Counsel for Debtors;

7. Expedited Motion for Order Under 11 U.S.C. §§ 105, 363, 364, 1107 and 1108 (I) Authorizing Continued Use of Existing Bank Accounts, Business Forms and Cash Management System; (II) Waiving Requirements of § 345 of the Bankruptcy Code; and (III) Authorizing Continuation of Intercompany Transactions;

8. Expedited Motion of Debtor To Approve Agreed Interim Order: Pursuant to Bankruptcy Code Sections 105, 107(B), 361, 362, 363, 364 and 507 (I) Approving Post-petition Financing, (II) Authorizing Use of Cash Collateral, (III) Granting Liens and Providing Superpriority Administrative Expense Status, (IV) Granting Adequate Protection, (V) Modifying Automatic Stay, and (VI) Scheduling a Final Hearing;

9. Expedited Motion for Order Under 11 U.S.C. §§ 105, 363 and 507, (I) Authorizing Payment of Prepetition Employee Obligations and Related Amounts, (II) Confirming Right of Debtors to Continue Employee Programs on Post-petition Basis, (III) Confirming Right of Debtors to Pay Withholding and Payroll-Related Taxes and (IV) Directing Banks to Honor Prepetition Checks for Employee Obligations;

10. Expedited Motion Under 11 U.S.C. §§ 105(A) and 331 to Establish Procedures for the Interim Compensation of Professionals;

11. Expedited Motion for Interim and Final Orders Providing Adequate Assurance of Utility Payments;

12. Expedited Motion for Order Granting Additional Time to File Schedules and Statements pursuant to 11 U.S.C. § 521(a)(1) and Fed.R.Bankr.P.1007(b).

In support, Debtors show the Court as follows:

## JURISDICTION & VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A). Venue is proper in this

district pursuant to 28 U.S.C. § 1409.

**BRIEF STATEMENT OF FACTS AND RELIEF REQUESTED**

2. On November 6, 2014 (the "Petition Date"), the Debtors filed voluntary petitions for relief pursuant to Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Eastern District of Oklahoma (the "Bankruptcy Court").

3. Debtors continue to operate their businesses as a debtors in possession pursuant to §§ 1107 and 1108.[2] The U. S. Trustee has not yet appointed any official committees in these cases, and no request has been made for the appointment of a trustee or examiner.

4. These cases are jointly administered pursuant to this Court's Order entered November 6, 2014. A description of the Debtors' business, the reasons for filing these chapter 11 cases and the relief sought from this Court to allow for a smooth transition into operations under chapter 11 is set forth in the First Day Declaration, which was filed contemporaneously with this Motion. The Debtors hereby adopt and incorporate the First Day Declaration as if fully set forth herein.

5. Debtors anticipate filing the First Day Motions on the Petition Date, seeking relief that is essential to (i) the continued operation of Debtors' businesses; (ii) the preservation of the bankruptcy estate; and (iii) the effective and efficient administration of the bankruptcy case.

6. The First Day Motions seek expedited relief related to Debtors' post-petition financing needs, Debtors' utilities providers, Debtors' employee benefit programs, and Debtors' cash management systems. In addition, the First Day Motions seek authority for Debtors to employ their bankruptcy counsel, conflicts counsel, bankruptcy financial advisors, bankruptcy

[2] Unless otherwise stated, statutory references herein are to the United States Bankruptcy Code, 11 U.S.C. §101, et. seq.

accountants, and bankruptcy sale advisors in these bankruptcy proceedings.

7. Notice of the First Day Motions that are filed on the Petition Date will be faxed or emailed to the Debtors' 20 largest unsecured creditors on the Petition Date. Such notice shall also be provided by facsimile or electronically to Wells Fargo Bank, N.A., the Debtors' largest secured creditor and to the Office of the United States Trustee for the Eastern District of Oklahoma.

8. Each of the First Day Motions requests relief essential to the continued operation and success of Debtors, and therefore the First Day Motions should be heard and considered on an expedited basis. The First Day Motions seek relief typical of a bankruptcy case of similar size and complexity to that of Debtors.

9. The Court's immediate consideration of the First Day Motions is crucial to Debtors' survival and successful reorganization. In the event that the First Day Motions are not immediately heard, Debtors run the risk of losing time critical to Debtors' success in these bankruptcy proceedings.

10. In light of the necessity for immediate hearing, Debtors request that pursuant to FED. R. BANKR. P. 9006(c), the time for response to those First Motions filed on the Petition Date be shortened and that the First Day Motions be set for hearing on November 10, 2014, at 10:00 a.m. (the "First Day Hearing").

11. Orders granting some of the First Day Motions will require entry of orders only on an interim basis subject to further notice and a final hearing. Debtors request such final hearing be heard on November 24, 2014 at 10:00 a.m. (the "Final Hearing").

12. The time between the First Day Hearing and the Final Hearing is exactly 14 days, thus when the 3 day mailing lag is added in, the notice for the Final Hearing is legally 11 days.

To the extent FED. R. BANKR. P. 2002 et. seq., require longer notice periods that will be afforded by setting the Final Hearing on November 24, 2014, the Debtors request this Court to shorten such periods.

**WHEREFORE**, for the reasons set forth above, Debtors request that the Court set those First Day Motions that are filed on the Petition Date for hearing on November 10, 2014, at 10:00 a.m., set the time for response to such First Day Motions for no later than November 7, 2014, at 12:00 p.m. (C.S.T.), set the Final Hearing on any interim orders entered regarding the First Day Motions for November 24, 2014, at 10:00 a.m. and for all other relief this Court deems equitable.

**CROWE & DUNLEVY**
*/s/Mark A. Craige*_______________
Mark A. Craige, OBA No. 1992
Michael R. Pacewicz, OBA No. 18794
500 Kennedy Building
321 South Boston Avenue
Tulsa, Oklahoma 74103-3313
918.592.9800 Telephone Number
918.592.9801 Facsimile Number
e-mail: mark.craige@crowedunlevy.com
michael.pacewicz@crowedunlevy.com

and

William H. Hoch, OBA No. 15788
Braniff Building
324 North Robinson Avenue, Suite 100
Oklahoma City, Oklahoma 73102
405.235.7700 Telephone Number
405.239.6651 Facsimile Number
e-mail: will.hoch@crowedunlevy.com

*Attorneys for Debtors In Possession*

**CERTIFICATE OF SERVICE**

This is to certify that on the 6th day of November, 2014, I electronically transmitted the above and foregoing instrument for filing and for transmittal of a Notice of Electronic Filing to all ECF registrants in this case. This further certifies that on the 6th day of November, 2014, a true and correct copy of the foregoing was sent via first class mail to those parties listed on the attached notice list and via email or fax to those parties as noted on the attached notice list.

*/s/Mark A. Craige*___________________
Mark A. Craige