UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| In re: | Chapter 11 |
| Texoma Peanut Company | Case No. 14-81334 |
| Clint-Co Peanut Company | Case No. 14-81335 |
| Clint Williams Company-Western Division LLC | Case No. 14-81336 |
| Debtors. | Jointly Administered |

## APPLICATION FOR ORDER PURSUANT TO § 327(A) AUTHORIZING THE EMPLOYMENT AND RETENTION OF GERALD R. MILLER AS CONFLICTS COUNSEL FOR DEBTORS

Debtors and debtors-in-possession Texoma Peanut Company, Clint-Co Peanut Company and Clint Williams Company-Western Division LLC (collectively "Debtors"), pursuant to 11 U.S.C. §327(a) & (e), Federal Rule of Bankruptcy Procedure 2014 and 2016, and Rule 2014-1 of the Local Rules of the United States Bankruptcy Court for the Eastern District of Oklahoma, hereby respectfully request this Court enter an order authorizing the employment and retention of Gerald Miller ("Miller"), as conflicts counsel for Debtors. In support of this Application, Debtors show the Court as follows:

### JURISDICTION AND STATUTORY PREDICATE

1. This court has jurisdiction of this Application pursuant to 28 U.S.C. §§ 157[1] and 1334. Venue of this case and Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicate for the relief sought herein is 11 U.S.C. § 327(a) & (e).

---

[1] All references to sections or codes, unless otherwise noted, are made to the United States Bankruptcy Code, 11 U.S.C. §§ 101 et seq. and referred to herein as the "Bankruptcy Code."

## BACKGROUND

3. On November 6, 2014 (the "Petition Date"), Debtors filed their voluntary petitions for relief under chapter 11 the Bankruptcy Code. Immediately thereafter, Debtors moved to administratively consolidate their three bankruptcy cases.

4. Debtors continue in possession of their assets and the management of their businesses as a debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

5. A description of the Debtors' business, the reasons for filing these chapter 11 cases and the relief sought from this Court to allow for a smooth transition into operations under chapter 11 is set forth in the Declaration of Alan Ortloff, President of Texoma Peanut Company *et al*., in Support of TPC's Chapter 11 Petitions and First Day Motions, sworn to on November 6, 2014 (the "First Day Declaration"). Debtors hereby adopt and incorporate the First Day Declaration as if fully set forth herein.

## RELIEF REQUESTED

6. Debtors request that Miller serve as their bankruptcy conflicts counsel in these cases. To the extent Debtors' proposed general bankruptcy and litigation counsel, Crowe & Dunlevy, PC ("Crowe & Dunlevy") has a conflict; Debtors shall employ Miller as separate conflicts counsel.

## BASIS FOR RELIEF

7. Section 327(a) authorizes debtors to employ counsel who does not represent any interest adverse to a debtor's estate and that is a "disinterested person." A "disinterested person" is one who is "not a creditor, an equity security holder, or an insider; is not and was not within 2

**2**

years before the date of the filing of the petition, a director, officer, or employee of the debtor; and does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor or for any other reason." 11 U.S.C. §101(14)(a)-(c). Section 327(e) authorizes debtors to employ counsel who does not represent any interest adverse to a debtor's estate "for a specified special purpose, other than to represent the trustee in conducting the case." 11 U.S.C. §327(e).

## QUALIFICATIONS

8. Debtors have selected Miller as proposed conflicts counsel based upon his considerable expertise in the fields of bankruptcy insolvency, reorganizations, liquidations, debtors' and creditors' rights, debt restructuring and corporate reorganizations, commercial litigation and business transactions. Debtors have also selected Miller as proposed conflicts counsel based upon his considerable experience serving as a bankruptcy trustee in the Eastern District of Oklahoma. Consequently, Debtors believe Miller is qualified to serve as conflicts counsel in these bankruptcy cases. *See* Exhibit "1", Affidavit of Disinterestedness of Gerald Miller.

9. Miller has indicated a willingness to act on behalf of Debtors and to subject himself to the jurisdiction and supervision of this Court.

10. Based upon Miller's qualifications and experience, Debtors respectfully submit that Miller's employment and retention as conflicts counsel in these chapter 11 cases is in the best interest of the Debtors' estates, their creditors and other parties-in-interest.

3

2614380.1
Case 14-81334    Doc 22    Filed 11/07/14    Entered 11/07/14 10:21:52    Desc Main
Document      Page 3 of 13

## MILLER HOLDS NO DISQUALIFYING INTEREST AND IS "DISINTERESTED" AS THAT TERM IS DEFINED BY THE BANKRUPTCY CODE

11. Debtors believe that Miller does not hold or represent any interest adverse to Debtors or their estates, and that Miller is a "disinterested person" as defined in 11 U.S.C. § 101(14). *See* Exh. "1"; Exhibit "2" Verified Statement of Alan Ortloff in Support of Application to Employ Conflicts Counsel.

12. To the best of the Miller's knowledge, information and belief, Miller believes that he does not hold or represent any interest adverse to Debtors or their estates, and that he is a "disinterested person" as defined in 11 U.S.C. § 101(14). *See* Exh. "1".

13. Debtors' estates will benefit from Miller's experience in this area. Should any conflict arise between Miller and any creditor or other interested party in the bankruptcy proceedings, Miller will immediately notify Crowe & Dunlevy.

14. Debtors have two equity holders. Miller has confirmed that he has not previously represented in unrelated matters nor is he currently representing in unrelated matters either of the two equity holders. Nor does Miller expect to receive from the equity holders requests for future representation on matters unrelated to Debtors. Miller understands that the equity holders have retained Thomas A. Creekmore of the Hall Estill firm as independent counsel to advise them in these matters. *See* Exh. "1"

## PROFESSIONAL FEES AND SERVICES

15. Debtors have ensured that Miller's billing rates and material terms for engagement are comparable to his rates and terms for non-bankruptcy engagements and to the rates and terms of comparably skilled professionals by conferring with counsel at Crowe & Dunlevy. Debtors

did not interview other firms or attorneys before selecting Miller to serve as conflicts counsel in these chapter 11 cases. *See* Exh. "2".

16. Debtors will employ the following internal procedures to control legal compensation and expenses: budgets for fees and expenses will be provided to the Debtors in advance and reviewed upon receipt of billing. Debtors also seek to employ Focus Management Group USA, Inc., as financial advisors to assist with, *inter alia*, managing Debtors' cash flow. *See id.*

17. Debtors' believe their estates will benefit from Miller's experience in chapter 11 bankruptcy proceedings. *See id*.

18. Debtors have agreed to compensate Miller at his regular hourly rates, plus his actual and necessary expenses, subject to this Court's approval after application, notice, and a hearing pursuant to 11 U.S.C. § 330 and FED. R. BANKR. P. 2016. Miller is aware of the United States Trustee's guidelines for reviewing applications for compensation and reimbursement of expenses in cases the size of these and will work diligently to adhere to such guidelines.

19. Miller will be engaged, for the limited purpose, to perform certain tasks, which include:

    A. Representation of Debtors' interest in matters and proceedings arising in or relating to these cases to the extent Crowe & Dunlevy has a conflict;

    B. Advice to Debtors concerning the administration of the estates and the operation of the businesses during the pendency of reorganization, Debtors' rights and

duties, and the claims of creditors and other parties in interest to the extent Crowe & Dunlevy has a conflict;

C. Investigation, and if advisable, prosecution of causes of action belonging to the estate under applicable nonbankruptcy law to the extent Crowe & Dunlevy has a conflict; and

D. Assistance with such other matters as Debtors' management may request from time to time to the extent necessary.

20. Debtors and Miller agree that Miller shall not perform services that are duplicative of those provided by Crowe & Dunlevy. *See* Exh. "1" & "2".

## NOTICE

21. Notice of this Application has been provided to: (a) the Office of the United States Trustee for the Eastern District of Oklahoma; (b) those entities or individuals listed on the Debtors' lists of their twenty largest unsecured creditors; (c) all secured creditors and their counsel (if known); (d) all applicable state and local taxing authorities; and (e) the parties in interest who have formally requested notice by filing a written request for notice pursuant to FED. R. BANKR. P. 2002 and the local bankruptcy rules. In light of the nature of the relief requested, the Debtors respectfully submit that no further notice is necessary.

WHEREFORE, Debtors respectfully request this Court to approve its employment of Gerald Miller on the terms described herein in accordance with 11 U.S.C. § 327(e).

Respectfully submitted,

s/*Michael R. Pacewicz*
Mark A. Craige, OBA #1992
Michael R. Pacewicz, #18794
500 Kennedy Building
321 South Boston Avenue
Tulsa, Oklahoma 74103-3313
918.592.9800 Telephone Number
918.592.9801 Facsimile Number
e-mail: mark@law-office.com
michael.pacewicz@crowedunlevy.com

and

William H. Hoch, OBA # 15788
Braniff Building
324 North Robinson Avenue, Suite 100
Oklahoma City, Oklahoma 73102
(405) 235-7700 Telephone Number
(405) 239-6651 Facsimile Number
e-mail: will.hoch@crowedunlevy.com

PROPOSED COUNSEL FOR DEBTORS

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| In re: | Chapter 11 |
| Texoma Peanut Company | Case No. 14-81334 |
| Clint-Co Peanut Company | Case No. 14-81335 |
| Clint Williams Company-Western Division LLC | Case No. 14-81336 |
| Debtors. | Jointly Administered |

## AFFIDAVIT OF DISINTERESTEDNESS AND DISCLOSURE STATEMENT OF GERALD MILLER

Gerald Miller, being duly sworn, states:

1. I am admitted to practice in the State of Oklahoma and in this Court and I make this affidavit pursuant to Rule 2014(a) of the Federal Rules of Bankruptcy Procedure and in support of the Debtors' Application for Order Authorizing the Employment and Retention of Gerald Miller as Bankruptcy Conflicts Counsel ("Application"), filed in the above-referenced chapter 11 cases.

2. Debtors and debtors-in-possession Texoma Peanut Company, Clint-Co Peanut Company and Clint Williams Company-Western Division, LLC (collectively, "Debtors"), filed the Application on November 6, 2014. The Application requests that I be employed as bankruptcy conflicts counsel to Debtors.

3. I have considerable expertise in the fields of bankruptcy insolvency, reorganizations, liquidations, debtors' and creditors' rights, debt restructuring and corporate reorganizations, commercial litigation and business transactions. I also have considerable experience serving as a bankruptcy trustee in the Eastern District of Oklahoma. Debtors believe I am qualified to serve as conflicts counsel in these bankruptcy cases.

1

2614803.1

4. Debtors believe that I do not hold or represent any interest adverse to Debtors or their estates, and that I am a "disinterested person" as defined in 11 U.S.C. § 101(14).

5. To the best of my knowledge, information and belief, I have no connection with parties with interests adverse to the estates that would preclude me from representing Debtors as conflicts counsel in accordance with the United States Bankruptcy Code ("Bankruptcy Code").

6. I further believe that I am a "disinterested person" as that term is defined in § 101(14) of the Bankruptcy Code.

7. I have conducted a search of my records for the names of Debtors' creditors and other parties in interest. I will continue going forward to check and review additional information concerning entities with a connection to Debtors. To the extent any information disclosed herein requires amendment or modification upon my completion of further review or as additional party in interest information becomes available to me, a supplemental affidavit will be submitted to the Court reflecting such amended or modified information.

8. To the best of my knowledge, information and belief, I have not represented any creditor or party in interest on any matter related to the Debtors or their business.

9. In addition, to the best of my knowledge, information and belief, I have not previously nor do I currently represent any of the secured creditors of Debtor.

10. Although my search of my records has been diligent, it is possible that there are other entities which I have represented whose names have not been provided to me. I will continue to investigate and to monitor my connections with the creditors and parties in interest. I

2

will report, on an on-going basis, any additional connections that may be discovered or that may arise.

11. Debtors have two equity holders. I have confirmed that I have not previously represented in unrelated matters nor do I currently represent in unrelated matters either of the two equity holders. Nor do I expect to receive from the equity holders requests for future representation on matters unrelated to debtors. I understand that the equity holders have retained Thomas A. Creekmore of the Hall Estill firm as independent counsel to advise them in these matters.

12. Subject to the Bankruptcy Court's approval, Debtors have agreed to compensate me at my normal hourly billing rates, plus reimbursement of actual and necessary expenses, from funds of the bankruptcy estate of Texoma Peanut Company, upon due application, notice and hearing. My present billing rate is $275.00 per hour.

13. I have not agreed to any alternative fee arrangements or variations from my customary billing arrangements in connection with these chapter 11 cases. I have not varied my rate based on the geographic location of these bankruptcy cases. My billing rates and the financial terms of my engagement have not changed post-petition.

14. The Debtors and I have agreed that I shall not perform services in these chapter 11 cases that are duplicative of those provided by Debtors' proposed general bankruptcy and litigation counsel, Crowe & Dunlevy, PC.

15. This affidavit is executed by me on this 6th day of November, 2014.

3

2614803.1

*[signature]*
GERALD MILLER

Subscribed and sworn to before me, a Notary Public, this 6th day of November, 2014.

_____Nancy Y Cole_____ Notary Public
                        Comm # 00004150
My Commission Expires: 3/30/2016

[SEAL]

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| In re: | Chapter 11 |
| Texoma Peanut Company | Case No. 14- |
| Clint-Co Peanut Company | Case No. 14- |
| Clint Williams Company-Western Division LLC | Case No. 14- |
| Debtors. | Jointly Administered |

## VERIFIED STATEMENT OF ALAN ORTLOFF IN SUPPORT OF APPLICATION TO EMPLOY CONFLICTS COUNSEL

Alan Ortloff, president of the debtors and debtors-in-possession Texoma Peanut Company and Clint Williams Company-Western Division LLC, and vice president of debtor and debtor-in-possession Clint-Co Peanut Company in the in the above-captioned chapter 11 bankruptcy cases, states:

1. I am president of the debtors and debtors-in-possession Texoma Peanut Company and Clint Williams Company-Western Division LLC, and vice president of debtor and debtor-in-possession Clint-Co Peanut Company (collectively, "Debtors"). I provide this verified statement pursuant to 28 U.S.C. § 1746 and FED. R. Bankr. P. 2014(a) and in support of the Application for Order Pursuant to § 327(A) Authorizing the Employment and Retention of Gerald R. Miller as Conflicts Counsel for Debtors ("Application").

2. Debtors believe that Gerald Miller does not hold or represent any interest adverse to Debtors or their estates, and that he is a "disinterested person" as defined in 11 U.S.C. § 101(14).

3. Debtors have ensured that Gerald Miller's billing rates and material terms for engagement are comparable to his rates and terms for non-bankruptcy engagements and to the rates and terms of comparably skilled professionals by conferring with counsel at Crowe &

Dunlevy. Debtors did not interview any other firms or attorneys before selecting Gerald Miller to serve as conflicts counsel in these chapter 11 cases.

4. Debtors will employ the following internal procedures to control legal compensation and expenses: budgets for fees and expenses will be provided to the Debtors in advance and reviewed upon receipt of billing. Debtors also seek to employ Focus Management Group USA, Inc., as financial advisors to assist with, *inter alia,* managing Debtors' cash flow.

5. Debtors' believe their estates will benefit from Miller's experience in chapter 11 cases.

6. Debtors agree that Miller will not perform services that are duplicative of those provided by proposed general bankruptcy and litigation counsel Crowe & Dunlevy, PC.

7. This declaration is executed by me on this 6th day of November, 2014.

_____
ALAN ORTLOFF