UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

---------------------------------------------------------------x
:
In re : Chapter 11
:
TEXOMA PEANUT COMPANY, *et al.*, : Case No. 14-81334 (TRC)
:
Debtors. : Jointly Administered
:
: Ref. Docket No. ___
---------------------------------------------------------------X

## BID PROCEDURES

On November 14, 2014, Texoma Peanut Company, Clint-Co Peanut Company, and Clint Williams Company-Western Division LLC, as debtors-in-possession of their bankruptcy estates (collectively, the "Debtors")[1] filed a *Motion to Approve Sale of Substantially All of the Debtors' Assets Free and Clear of Liens, Claims, Encumbrances, and Other Interests and to Assume and Assign Certain Alleged Executory Contracts and Unexpired Leases* [Docket No. [___]] (the "Sale Motion") pursuant to which the Debtors requested authority to sell substantially all of the assets of the Debtors' estates to the highest and best bidders subject to the process outlined herein (the "Transaction"). These Bid Procedures have been approved and authorized pursuant to the *Order Approving the Procedures for the Solicitation of Offers and Approving the Form and Manner of Notice* [Docket No. [___]] (the "Bid Procedures Order") entered by the United States Bankruptcy Court for the Eastern District of Oklahoma (the "Bankruptcy Court") on November [__], 2014.

### The Bidding Process

Subject to the conditions set forth therein, at any time on or before December 12, 2014 at 4:00 p.m. (prevailing Central Time) (the "Bid Deadline"), Lakeshore Food Advisors, LLC, the sale agent for the Debtors (the "Sale Agent") will (i) engage in discussions and negotiations regarding a sale transaction with any entity (a "Potential Bidder") that the Sale Agent believes could lead to a bona fide written offer relating to a Transaction that would meet the requirements of these Bid Procedures (the "Proposal"), (ii) furnish to such Potential Bidder and its Representatives,[2] and to any other party that has made a request therefor in connection with its consideration of making an offer or proposal relating to a Transaction (each a "Bid"), public and non-public information relating to the Debtors and their assets and businesses pursuant to a confidentiality agreement between the Debtors and such Potential Bidder (the "Confidentiality

---

[1] "Debtors" as used herein means the Debtors acting in consultation with, and pursuant to advice of, the Sale Agent (as defined below).

[2] "Representatives" means, with respect to any person, the officers, directors, employees, members, managers, partners, investment bankers, attorneys, accountants, consultants or other advisors, agents or representatives of such person, when acting in such capacity on behalf of such person.

Agreement"), and (iii) afford to any such Potential Bidder who has signed a Confidentiality Agreement reasonable access to any data site, properties, assets, books or records of the Debtors. Each Confidentiality Agreement entered into after the date of the entry of the Bid Procedures Order shall recognize that the Debtors are obligated to comply with the terms of these Bid Procedures. Each confidentiality agreement previously entered into between the Debtors and a Potential Bidder in effect on the date of the entry of the Bid Procedures Order shall be deemed to be a Confidentiality Agreement. By participating in the Bidding Process (as defined below), each Potential Bidder shall be deemed to have agreed to any and all modifications to any previously executed confidentiality agreement as necessary to permit the Debtors and their Representatives to comply with the terms of these Bid Procedures. Preliminary indications of interest regarding a Transaction are due to the Sale Agent on or prior to November 26, 2014 unless extended by the Debtors with the written consent of Lender.

The Sale Agent shall provide these Bid Procedures, together with a copy of the form Asset Purchase Agreement in form acceptable to Lender (the "Purchase Agreement"), to each Potential Bidder after the Bankruptcy Court's entry of the Bid Procedures Order and on or prior to December 1, 2014.

Any Potential Bidder wishing to conduct due diligence concerning a prospective Transaction shall be granted access, subject to execution of a Confidentiality Agreement, to all relevant business, financial and other information of the Debtors as may be reasonably necessary to enable such Potential Bidder to evaluate the assets and businesses of the Debtors and the prospective Transaction. The Debtors shall make such access available during normal business hours as soon as reasonably practicable. Potential Bidders interested in conducting due diligence should contact the Sale Agent at [_____]. Notwithstanding the foregoing, the Debtors, upon written consent of Wells Fargo Bank, N.A. (the "Lender"), are not required to provide confidential or proprietary information to any person if the Debtors, with written consent of the Lender, believe that such disclosure would be detrimental to the interests of the Debtors' estates.

Prior to the selection of a Bid as the highest or best offer for any individual asset, portion of the Debtors' assets, or all of the Debtors' assets (the "Successful Bid(s)"), the Sale Agent may: (a) receive Bids from Potential Bidders, (b) request information from Potential Bidders and engage in discussions with Potential Bidders and take such other actions to determine whether any Bid constitutes or could lead to a superior Proposal, (c) evaluate any Bid made by a Potential Bidder, (d) engage in discussions and negotiations with any Potential Bidder with respect to any Bid submitted by a Potential Bidder, and (e) take any other actions contemplated under these Bid Procedures (collectively, the "Bidding Process").

**Deliveries by Potential Bidders**

In order to participate in the Bidding Process, each Potential Bidder must deliver the following to the Sale Agent prior to the Bid Deadline (unless previously delivered in a form acceptable to the Debtors as provided herein or waived by the Debtors with the written consent of the Lender):

(a) An executed Confidentiality Agreement acceptable to the Debtors; and

(b) Financial statements of, or other information relating to, the Potential Bidder or, if the Potential Bidder is an entity formed for the purpose of the Transaction, financial statements of or other information relating to the equity holder(s) of the Potential Bidder, or such other form of financial disclosure or evidence of financial capability and performance and legal authority acceptable to the Debtors and their Representatives as requested by the Sale Agent (and, if requested by the Sale Agent, certified to by a duly authorized representative of the Potential Bidder (or equity holders thereof, as applicable)), demonstrating such Potential Bidder's (individually or jointly with other Potential Bidders with whom such Potential Bidder is acting jointly, with the written consent of the Debtors and the Lender and without improper collusion under the Bankruptcy Code or other applicable law, in submitting a Bid) financial capability and legal authority to close the proposed Transaction in a timely manner.

A Potential Bidder (or group of Potential Bidders acting jointly with the written consent of the Debtors and the Lender and without collusion under the Bankruptcy Code or other applicable law) that delivers the documents described in subparagraphs (a) and (b) above, and that the Debtors determine in their business judgment with approval of the Lender, is financially capable of consummating the Transaction in a timely manner shall be permitted to further participate in the Bidding Process. The Debtors may require an update of such information and an affirmation of any Potential Bidder's financial capability to bid and consummate any Transaction contemplated hereunder.

### Due Diligence for Potential Bidders

To obtain due diligence access or additional information from the Debtors, a Potential Bidder must first advise the Sale Agent of the nature and extent of additional due diligence such Potential Bidder may wish to conduct. The Sale Agent shall coordinate all requests for additional information and due diligence access by such Potential Bidders with the Debtors. No conditions relating to the completion of due diligence will be permitted to exist after the Bid Deadline, except as otherwise agreed to by the Debtors in writing with the approval of the Lender.

### Submission by Bid Deadline

A Potential Bidder who desires to make a Bid must deliver a preliminary written copy of its written asset purchase agreement marked to show the specific changes to the Purchase Agreement that the Potential Bidder requires (which marked copy may be an electronic comparison of the written asset purchase agreement submitted and the Purchase Agreement) on or before December 8, 2014 to the Sale Agent at [_____]. A Potential Bidder who desires to make a Bid must deliver an executed written copy of its Bid on or before the Bid Deadline to the Sale Agent at [_____]. The Debtors may, with the written consent of the Lender, extend the deadline for submission of the preliminary marked asset purchase agreement or the Bid Deadline, but shall promptly notify all Potential Bidders of any such extension.

## Determination of "Qualified Bid" Status

A Bid received from a Potential Bidder by the Bid Deadline will constitute a "Qualified Bid" only if it includes all of the following documents (the compliance of which shall be determined by the Debtors with approval by the Lender) (collectively, the "Required Bid Documents") and a Good Faith Deposit as described below and meets all of the Bid Requirements (as defined below):

(a) A written asset purchase agreement duly executed by the Potential Bidder in substantially the same form as the Purchase Agreement with changes only regarding the applicable assets and contracts being purchased and changes acceptable to Debtors and Lender, together with a copy of such agreement marked to show the specific changes to the Purchase Agreement that the Potential Bidder requires (which marked copy may be an electronic comparison of the written asset purchase agreement submitted and the Purchase Agreement). The asset purchase agreement submitted by a Potential Bidder shall:

 i. specifically delineate which individual asset, portion of the Debtors' assets, or all of the Debtors' assets set forth in a schedule prepared by the Debtors, subject to written consent of Lender, that will be posted in the Debtors' data room (the "Asset Class Schedule") the Potential Bidder proposes to purchase;

 ii. allocate the value the Potential Bidder places on each category of assets of the Debtors delineated in the Asset Class Schedule (each, an "Asset Class") that is proposed to be purchased;

 iii. include a complete set of all schedules and exhibits thereto which, to the extent practicable, will be marked to show the specific changes to the schedules and exhibits to the Purchase Agreement, if applicable;

 iv. provide for the replacement (at or before the closing of the proposed Transaction) of any letters of credit issued by Lender regarding any assets or operations of Debtors proposed to be purchased under such asset purchase agreement;

 v. identify each and every possible executory contract and unexpired lease that is to be assumed and assigned to the Potential Bidder, and such list and the proposed amounts to cure any defaults under such executory contracts and unexpired leases shall be acceptable by Lender in its sole discretion;

vi. provide for the payment by such Potential Bidder of all amounts necessary to cure any defaults under any executory contracts and unexpired leases that are to be assumed and assigned to such Potential Bidder;

vii. not contain any financing or due diligence contingencies to closing on the proposed Transaction;

viii. not contain any condition to closing of the Transaction on the receipt of any third party approvals (excluding required Bankruptcy Court approval and any required governmental and/or regulatory approvals, if any); and

ix. provide that the offer of the Potential Bidder is irrevocable through thirty (30) days after the entry of an Order approving the Sale Motion and subject to the backup bidder provisions hereinbelow.

(b) A good faith deposit (the "Good Faith Deposit") in the form of a wire transfer to the Debtors or a certified or bank check payable to the order of the Debtors (or other form acceptable to the Debtors with approval by Lender) in the amount of at least 10% of the Reserve Price(s) (as defined below) for the Asset Class(es) proposed to be purchased.

Each Potential Bidder that makes a Qualified Bid shall be referred to as a "Qualified Bidder."

## Bid Requirements

All Bids must also satisfy all of the following requirements, all solely as determined by the Debtors with the approval of the Lender:

(a) The Bid must provide for consideration under the Purchase Agreement for each Asset Class proposed to be purchased in an amount equal to or greater than the amounts set forth next to each Asset Class in the Asset Class Schedule, which amounts shall be subject to the written consent of Lender, or in such higher or lower amount as may be agreed to by the Debtors with the approval of the Lender (the "Reserve Price").

(b) The Bid must be in cash unless otherwise consented to by the Debtors and the Lender.

(c) The Bid must be accompanied by satisfactory evidence of committed financing or other financial ability to consummate the Transaction in a timely manner.

(d) The Bid cannot be conditioned upon the Bankruptcy Court's approval of any bid protections, such as a break-up fee, termination fee, expense reimbursement, working fee or similar type of payment.

(e) The Bid must expressly acknowledge and represent that the Potential Bidder: (i) has had an opportunity to conduct any and all due diligence regarding the assets and businesses of the Debtors and the Transaction prior to making its Bid, (ii) has relied solely upon its own independent review, investigation and/or inspection of any documents and the assets and businesses of the Debtors in making its Bid, and (iii) did not rely upon any written or oral statements, representations, promises, warranties or guaranties whatsoever, whether express, implied, by operation of law or otherwise, regarding the business or assets of the Debtors or the Transaction, or the completeness of any information provided in connection therewith, except as expressly stated in the representations and warranties contained in the Purchase Agreement ultimately accepted and executed by the Debtors.

(f) The Bid must be received by the Bid Deadline.

### Auction

Prior to the Auction (as defined below), the Debtors and the Sale Agent (in consultation with the Lender) shall evaluate the Qualified Bids and select the Qualified Bid or combination of Qualified Bids that the Debtors, with approval by the Lender, determines in their business judgment to be the highest or best Qualified Bid(s) (the "Initial Highest Bid") for the assets of the Debtors' estates. In making this determination, the Debtors, with approval by the Lender, may consider, among other things, the amount of cash to be paid or delivered, and the determination by the Debtors, with approval by the Lender, hereunder shall be final for the purposes of these Bid Procedures. The Debtors or their Representatives shall provide copies of all Bids to the Lender within 24 hours after the Bid Deadline.

If more than one Qualified Bid has been submitted for the assets of the Debtors' estates in accordance with these Bid Procedures, the Sale Agent will conduct an auction (the "Auction") with respect to such Qualified Bids in order to determine, in the business judgment of the Debtors with approval by the Lender, the Successful Bid(s).

The Auction, if required, will commence at 9:30 a.m. (prevailing Central Time) on December 15, 2014 at the offices of Crowe & Dunlevy, 321 South Boston, Suite 500 Tulsa, OK 74103 or at such later time or other place as agreed by the Debtors and the Lender, or approved by Order of the Bankruptcy Court, and of which the Sale Agent will notify all Qualified Bidders who have submitted Qualified Bids (collectively, the "Auction Participants").

The Sale Agent shall give each of the Auction Participants notice of the Initial Highest Bid and a copy of such Bid two calendar days prior to the scheduled start of the Auction.

Only the Debtors, the Sale Agent, the Auction Participants, potential financing sources of the Auction Participants, the Lender, Wells Fargo Equipment Finance Inc. ("WFEFI"), the Official Committee of Unsecured Creditors (the "Committee"), and their respective Representatives will be entitled to attend, participate and be heard at the Auction, but only the Auction Participants, the Lender, and WFEFI, to the extent Lender and/or WFEFI exercises its

Credit Bid Right (as defined below), will be entitled to make any subsequent Qualified Bids at the Auction.

At the commencement of the Auction, the Sale Agent shall formally announce the Initial Highest Bid(s) and the assets to which they relate. All Qualified Bids at the Auction will be based on and increased therefrom, and thereafter made in minimum increments higher than the previous Qualified Bid in an amount to be established by the Debtors with the written consent of Lender.[3]

Unless otherwise determined by Debtors with the consent of Lender, in conducting the Auction (i) the Debtors shall first take lot bids for each Asset Class subject to lot bids, and (ii) after taking such lot bids, the Debtor shall then take bulk bids for more than one Asset Class. The Debtors and the Sale Agent, with the approval of the Lender, shall have the right to adopt such other rules for the Auction which they believe in their business judgment will promote the goals of the Auction, including, without limitation, that the Debtor can continue to take and negotiate bids in lot or in bulk until the Successful Bid(s) have been selected.

Each Auction Participant shall be deemed to have agreed to keep its final Qualified Bid made at or prior to the Auction open through thirty (30) days after the entry of an Order approving the Sale Motion. Bidding at the Auction will continue until such time as the highest or otherwise best Qualified Bid(s) are determined in the business judgment of the Debtors, with the approval of the Lender. To facilitate a deliberate and orderly consideration of competing Qualified Bids submitted at the Auction, the Debtors, with approval by the Lender, may adjourn the Auction at any time and from time-to-time and may conduct multiple rounds of bidding. Prior to conclusion of the Auction, the Debtors may, with approval by the Lender, permit one or more Auction Participants who have submitted bids for less than all assets of the Debtors to join together as a single Qualified Bidder for the purpose of submitting a joint Qualified Bid to acquire substantially all assets or properties of the estates, provided that such Auction Participants so join without improper collusion under the Bankruptcy Code or other applicable law. Upon conclusion of the Auction, the Debtors will (a) review each Qualified Bid on the basis of financial and contractual terms and other factors relevant to the sale process, including those factors affecting the speed and certainty of consummating the sale and (b) with approval by the Lender, identify the Successful Bid(s). In making this determination, the Debtors, with approval by the Lender, may consider, among other things, the amount of cash to be paid or delivered, and the determination by the Debtors, with approval by the Lender, hereunder shall be final for the purposes of these Bid Procedures.

### Credit Bid Right

The Lender and WFEFI may each credit bid, in each of their respective sole and absolute discretion, any portion and up to the entire amount of their respective claims,[4] at any time,

---

[3] Minimum bid increments, other than a credit bid of Lender and/or WFEFI pursuant to its Credit Bid Right or a credit bid by the holder of a Prior Lien (as defined in the DIP Order), must consist solely of cash consideration unless otherwise authorized by the Debtors, with approval by the Lender.

[4] Including both the Pre-Petition Claims and the DIP Obligations (as applicable) (as defined in the *Interim Agreed Order Authorizing Limited Use of Cash Collateral, Obtaining Post-Petition Credit Secured by Senior Liens, and Granting Adequate Protection to Existing Lienholders* [Docket No. 63] (the "DIP Order")).

regardless of whether the Lender or WFEFI participated in prior rounds of the Auction, on any individual asset, portion of the assets, or all assets constituting their respective Collateral (as defined in the DIP Order) in conjunction with any sale of the Debtors' assets (the "Credit Bid Right"). The Lender and WFEFI shall each be a Qualified Bidder in all respects, and shall not be required to submit a Good Faith Deposit, purchase agreement, or any other deliverable or documentation to the Sale Agent, the Debtors, or their representatives or agents. Upon exercise of the Credit Bid Right, the Lender and/or WFEFI (as applicable) shall not be required to take title to, or ownership of, or be deemed to have taken title to or ownership, legal, equitable, or otherwise of, any individual asset, portion of the assets, or all of the assets, and the Lender and/or WFEFI (as applicable) shall have the right to designate any person or entity in its sole and absolute discretion that shall take title to the individual asset, portion of the assets, or all of the assets that are subject to the Credit Bid Right. Except for the holders of any Prior Liens, no other person may credit bid unless the entire amount of the Lender's and WFEFI's claims,[5] will be indefeasibly paid in full in cash on the closing of the proposed sale. In the event the Lender and/or WFEFI exercises its Credit Bid Right and the amount of the credit bid of the Lender and/or WFEFI exceeds the total amount of the highest bids for the assets subject to the Credit Bid Right, the Lender's and/or WFEFI's (as applicable) credit bid shall be deemed the highest and best bid and such credit bid shall be accepted by the Debtors and be presented for approval to the Bankruptcy Court in accordance with the following paragraph.

In the event the Lender and/or WFEFI (as applicable) exercises its Credit Bid Right and the amount of the credit bid of the Lender and/or WFEFI (as applicable) exceeds the total amount of the highest bids for the assets subject to the Credit Bid Right, Lender and/or WFEFI (as applicable) shall have the option, in each of their sole and absolute discretion, to elect at any time, including, without limitation, after the conclusion of the Auction, that the Debtors undertake the "Alternative Disposition Procedures." The Alterative Dispositions Procedures are:

(a) The Debtors, or an entity designated by Lender and/or WFEFI (as applicable) in their sole and absolute discretion, shall sell, or transfer to an entity designated by Lender and/or WFEFI (as applicable) in their sole and absolute discretion, each of the Debtors' assets with respect to which the Credit Bid Right was exercised in a manner directed by Lender and/or WFEFI (as applicable) in their sole and absolute discretion, such sale or transfer shall be deemed free and clear of all liens and claims, and the Debtors' may obtain an Order from the Bankruptcy Court approving such sale or transfer free and clear of all liens and claims as requested by the Lender and/or WFEFI (as applicable) in order to facilitate such sale or transfer;

(b) The Debtors shall indefeasibly pay to Lender and/or WFEFI (as applicable) the proceeds from any such sales until the entire amount of Lender's and/or WFEFI's (as applicable) claim[6] shall have been

---

[5] Including the including both the Pre-Petition Claims and the DIP Obligations (as applicable).

[6] Including the including both the Pre-Petition Claims and the DIP Obligations (as applicable).

indefeasibly paid in full with any excess proceeds being retained by the Debtors' estates;

(c) The Debtors' estates will receive a credit towards the amount of the Lender's and/or WFEFI's (as applicable) claim[7] at such time as any such sale proceeds are indefeasibly paid to Lender and/or WFEFI (as applicable);

(d) The Debtors shall cooperate with Lender and/or WFEFI (as applicable) in all respects and take all necessary actions to effectuate the Alternative Disposition Procedures;

(e) The automatic stay of Bankruptcy Code § 362 shall be terminated solely as to Lender and WFEFI, and Lender and WFEFI shall be entitled to take any and all actions and exercise any and all remedies under applicable law against any assets subject by the Credit Bid Right as determined by Lender and/or WFEFI (as applicable) in its sole and absolute discretion; and

(f) The deficiency claim of Lender and/or WFEFI (as applicable) after the completion of the Alternative Disposition Procedures shall be equal to the entire amount of Lender's and/or WFEFI's (as applicable) claim[8] minus the greater of (i) the amount of sale proceeds indefeasibly paid to Lender and/or WFEFI (as applicable) or (ii) the amount of the Lender's and/or WFEFI's (as applicable) credit bid.

Any sale and bid procedures with respect to consummation of a Sale Transaction (as defined in the DIP Order) in the Cases, including the Alternative Disposition Procedures, shall be on terms and conditions, and documentation in form and substance, acceptable to the Lender in its sole and absolute discretion.

Provided that a Material Adverse Change[9] has not occurred and solely in the event that a Qualified Bid is not received with respect to any Asset Class, the Lender and WFEFI (as applicable) reserve their rights to exercise their Credit Bid Right, which may include an election that the Debtors undertake the Alternative Disposition Procedures, with respect to the assets in such Asset Class in an amount equal to the Reserve Price for such Asset Class.

### Sale Hearing

An evidentiary hearing to consider the Sale Motion and approval of the Successful Bid(s)

---

[7] Including the including both the Pre-Petition Claims and the DIP Obligations (as applicable).

[8] Including the including both the Pre-Petition Claims and the DIP Obligations (as applicable).

[9] A "Material Adverse Change" means any material adverse change (i) in any of the items reviewed by Lender or WFEFI regarding the Debtors and their assets, (ii) in the value of the Debtors' assets that may be subject to the Credit Bid Right, or (iii) any other mater that diminishes from the economic value or proposed use of the Debtors' assets that may be subject to the Credit Bid Right.

US 2864100v.12

(the "Sale Hearing"), will be held on December 17, 2014 (the "Sale Hearing Date"), in the courtroom of the Honorable Tom R. Cornish, United States Bankruptcy Judge, at the United States Bankruptcy Court, Eastern District of Oklahoma, 111 W. 4th Street, 2nd Floor, Okmulgee, OK 74447. The Sale Hearing may be adjourned or rescheduled as ordered by the Bankruptcy Court or by the Debtors with the approval of the Successful Bidder(s) and the Lender but without further notice to creditors and parties in interest other than by announcement by the Debtors of the adjourned date at the Sale Hearing.

The Debtors' presentation to the Bankruptcy Court for approval of the Successful Bid(s) does not constitute the Debtors' acceptance of the Bid(s). The Debtors will be deemed to have accepted a Bid only when the Bid has been approved by Order of the Bankruptcy Court.

## Objections

Objections, if any, to the Sale Motion shall be filed on the docket of the Bankruptcy Court and served such that each objection is actually received by the following parties on or before 4:00 p.m., prevailing Central time on [_____], 2014 (the "Objection Deadline"): (a) counsel for the Debtors at Crowe & Dunlevy, attn.: Mark Craige, 321 South Boston, Suite 500, Tulsa, OK 74103, mark.craige@crowedunlevy.com, (b) counsel to the Lender and WFEFI at Vinson & Elkins, L.L.P., attn: William L. Wallander, 2001 Ross Avenue, Suite 3700, Dallas, Texas 75201, bwallander@velaw.com, (c) counsel for the Committee at [_____], and (d) the United States Trustee's Office, attn. Katherine Vance, Assistant United States Trustee, Paul R. Thomas, Trial Attorney, 224 South Boulder, Suite 225, Tulsa, OK 74103, Katherine.vance@usdoj.gov.

## Back-Up Bidders

If any Auction Participant whose Qualified Bid is a Successful Bid (a "Successful Bidder") fails to consummate the Transaction because of a breach or failure to perform on the part of such Successful Bidder, or for any reason other than the failure of the Bankruptcy Court to approve the terms of the Transaction, the Auction Participant that had submitted the next highest or otherwise best Qualified Bid for the same asset or assets of the estates at the Auction or prior to the Auction (the "Back-Up Bidder") will be deemed to be the Successful Bidder, and the Debtors will be authorized to consummate the Transaction with such Auction Participant without further order of the Bankruptcy Court, and such Qualified Bid shall thereupon be deemed the Successful Bid; provided that upon being notified that its Qualified Bid has become the Successful Bid, the Auction Participant submitting such Qualified Bid shall within three (3) business days after such notification provide a Good Faith Deposit (unless such Auction Participant previously shall have provided a Good Faith Deposit that shall not have been returned as described below). Upon providing such Good Faith Deposit, such Auction Participant shall be deemed the Successful Bidder. If any Auction Participant fails to consummate the Transaction because of a breach or failure to perform on the part of such Auction Participant (including, without limitation, the failure to timely deposit the Good Faith Deposit), the process described above may continue with other Auction Participants in decreasing order of the Qualified Bids as determined by the Debtors, with approval by the Lender, until an Auction Participant shall consummate the Transaction.

## Disposition of Good Faith Deposit

The Good Faith Deposit of the Successful Bidder(s), or a Back-Up Bidder that consummates a transaction in place of a Successful Bidder as provided for herein, shall be retained by the Debtors and applied toward the payment of the Successful Bid(s) at the closing of the Transaction. If any Successful or Back-Up Bidder fails, for any reason other than Bankruptcy Court denial of the Transaction, to close a Transaction, then the Good Faith Deposit shall be retained by the Debtors as partial damages for the failure to consummate the Transaction. The Good Faith Deposit of all Qualified Bidders (other than the Successful Bidder(s), a Back-Up Bidder that consummates a Transaction in place of a Successful Bidder as provided for herein, or a Successful Bidder or a Back-Up Bidder that forfeits its deposit as liquidated damages as provided for herein) will be returned, without interest, to each such Qualified Bidder within ten business days after the closing of all proposed Transactions approved by the Bankruptcy Court at the Sale Hearing.

## Modifications

The Debtors, with approval by the Lender, may (a) determine which Qualified Bid, if any, is the highest or otherwise best offer(s); and (b) reject at any time before entry of an Order of the Bankruptcy Court approving the Successful Bid(s), any bid that, in the discretion of the Debtors, with approval by the Lender, is (i) inadequate or insufficient, (ii) not in conformity with the requirements of the Bankruptcy Code or the Bid Procedures, or (iii) contrary to the best interests of the Debtors' estates and their creditors. At or before the conclusion of the Auction, the Debtors, with approval by the Lender, may impose such other terms and conditions upon Qualified Bidders as the Debtors determines to be in the best interests of the Debtors' estates in these cases.

US 2864100v.12